UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-03451-MCS-PD** | Date | June 24, 2026 |
| Title | *Mirissage v. ICE Field Off. Dir.* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 2) AND REFERRAL TO OFFICE OF THE FEDERAL PUBLIC DEFENDER**

Petitioner Leslie Mirissage (A# 095-686-366), a self-represented litigant, brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an emergency motion for a temporary restraining order. (Mot., ECF No. 2.)

The motion fails to comply with the rules governing Rule 65 motion practice and are denied on that basis. *E.g.*, Fed. R. Civ. P. 65(b)(1)(B) (requiring a movant to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required"); C.D. Cal. R. 65-1 (requiring "a proposed TRO, a declaration setting forth the facts and certification required by F.R.Civ.P. 65(b)(1)(A) and (B), and a proposed order to show cause why a preliminary injunction should not issue" to accompany any application for a temporary restraining order).

Moreover, Section 2 of Central District of California General Order No. 26-05 prescribes an expedited schedule for briefing on the merits of petitions for writs of habeas corpus seeking immigration-related relief. Consistent with Section 3 of the General Order, the Court will deny any renewed motion that fails to provide a specific showing in a declaration made under penalty of perjury that Petitioner will

---

CIVIL MINUTES – GENERAL                    Initials of Deputy Clerk SMO

suffer "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

The emergency motion for a temporary restraining order is denied.

Due to the nature of Petitioner's requested relief, it appears from the record that appointment of counsel may be warranted in the instant action. *See* 18 U.S.C. § 3006A(a)(2) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241 . . . ."). However, the Court has insufficient information at the present time to determine whether Petitioner financially qualifies for such appointment under § 3006A(a)(2), as he paid the filing fee. This matter is accordingly referred to the Office of the Federal Public Defender for review. Within seven days of entry of this Order, the Office of the Federal Public Defender shall advise the Court whether it intends to seek appointment in this matter. If the Office of the Federal Public Defender determines that it will seek appointment, it shall assist Petitioner in preparing a financial affidavit which will allow the Court to determine whether Petitioner is financially eligible for such appointment. The Court directs the Clerk to send a copy of this Order and the petition to the Office of the Federal Public Defender.

**IT IS SO ORDERED.**