UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-03451-MCS-PD | Date | July 14, 2026 |
|---|---|---|---|
| Title | *Mirissage v. ICE Field Off. Dir.* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: EMERGENCY SUPPLEMENTAL EVIDENCE TO REINSTATE TEMPORARY RESTRAINING ORDER (ECF No. 11)**

Petitioner Leslie Mirissage (A# 095-686-366), a self-represented litigant, brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an emergency motion for a temporary restraining order. (Mot., ECF No. 2.) The Court denied the motion, reasoning that Petitioner had not complied with the procedural rules governing Rule 65 motion practice or demonstrated a need for emergency relief considering the expedited merits briefing schedule. (Order, ECF No. 7.)

Since then, Respondents Immigration and Customs Enforcement ("ICE") Field Office Director et al. notified the Court of ICE's intent to remove Petitioner from the United States on July 15, 2026. (Notice, ECF No. 9; Notice Ex. A, ECF No. 9-1.) Respondents also submitted an answer to the petition in which they argue that Petitioner's claims fail on the merits. (Answer, ECF No. 10.)

Faced with imminent removal, Petitioner asks the Court to "reinstate the emergency Temporary Restraining Order (TRO)" given evidence that Respondents are engaged in "active, ongoing efforts to remove the Petitioner." (Emergency Suppl.

Evid. 3, ECF No. 11.)[1] Treating his new filing as an independent motion for preliminary injunctive relief, the Court denies the motion for failure to comply with the rules governing Rule 65 motion practice. *E.g.*, Fed. R. Civ. P. 65(b)(1)(B); C.D. Cal. R. 65-1. Treating the filing as a motion for reconsideration of the Court's order denying Petitioner's original motion for a temporary restraining order, the Court denies the motion for failure to present an appropriate basis for reconsideration. While Local Rule 7-18 authorizes a motion for reconsideration based on "the emergence of new material facts . . . occurring after the Order was entered," the emergence of ICE's intent to imminently remove Petitioner from the United States has no bearing on the Court's primary basis for denying Petitioner's original motion—Petitioner failed to comply with the procedural rules governing Rule 65 motion practice.

The Court also denies the motion on the merits. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the new filing, Petitioner asks the Court to order his "immediate release, or in the alternative, a constitutionally adequate bond hearing for humanitarian reasons." (Emergency Suppl. Evid. 2.) Petitioner explains that he filed a Form I-246 Application for a Stay of Deportation or Removal on July 10, 2026, in which he requested that ICE stay his deportation for six months. (*Id.* at 3 & Ex. B.) But Petitioner's request for a stay of removal has no bearing on the pleaded claims for habeas relief, so "the court does not have the authority to issue an injunction" based on his post-filing submission of a Form I-246. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).[2] Indeed, developments in the record since the filing of the

---

[1] Pinpoint citations refer to the CM/ECF pagination.

[2] Without taking a concrete position on the issue, the Court notes authority providing that 8 U.S.C. § 1252(g) strips courts of jurisdiction to review ICE's processing of Form I-246 applications. *See, e.g.*, *Alvarado v. Wamsley*, No. 2:25-cv-02375-DGE, 2026 U.S. Dist. LEXIS 33122, at *8 (W.D. Wash. Feb. 18, 2026) ("The Ninth Circuit made clear that § 1252(g) strips district courts of jurisdiction over claims that challenge the decision to execute a removal order, notwithstanding pending applications for relief."); *Trejo-Quiroz v. Kolitwenzew*, No. 19-cv-2174, 2019 U.S. Dist. LEXIS 250401, at *4 (C.D. Ill. July 3, 2019) ("A district court does not have authority to review the denial of Form I-246 Application for Stay of Removal pursuant to 8 U.S.C. § 1252(g).").

petition tend to undermine Petitioner's pleaded claims: Petitioner is scheduled for removal from the United States on July 15, so he is not likely to succeed on a claim that his detention violates due process because it is "indefinite." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). And Petitioner's claim that he should have received a bond hearing before he was detained on April 21, 2026, is relatively weaker given that "the government has shown that removal is likely to occur in the reasonably foreseeable future." *Saechao v. Scott*, No. 2:26-cv-00548-TMC, 2026 U.S. Dist. LEXIS 45908, at *14 (W.D. Wash. Mar. 5, 2026); *see also Manivong v. Mullin*, No. 2:26-cv-01123-TLF, 2026 U.S. Dist. LEXIS 94497, at *9 (W.D. Wash. Apr. 29, 2026) ("The government has an interest in detaining noncitizens to effectuate their removal."). At this juncture, the Court cannot conclude that Petitioner is likely to succeed on his pleaded claims, so the Court declines to reach the other factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." (cleaned up)).

The motion is denied. Respondents shall file a status report by July 20, 2026, providing the status of Petitioner's removal from the United States.

**IT IS SO ORDERED.**